ACCEPTED
13-14-00324-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/18/2015 10:13:41 AM
Dorian E. Ramirez
CLERK

PETER M. KELLY
F. LEIGHTON DURHAM III
KIRK L. PITTARD
THAD D. SPALDING

MORGAN MCPHEETERS
CHRISTY WOLLIN

OF COUNSEL:
LEIGH PRICHARD BRADFORD

**KD&P**

**KELLY, DURHAM & PITTARD, LLP**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/18/2015 10:13:41 AM
DORIAN E. RAMIREZ
Clerk

November 18, 2015

Dorian E. Ramirez
Clerk, Thirteenth Court of Appeals
901 Leopard, 10th Floor
Corpus Christi, TX 78401

> RE: Case No. 13-14-00324-CV; *Double Diamond-Delaware, Inc., et al. v. Jeanette Alfonso, et al.*

Dear Ms. Ramirez:

This letter is to also address the question raised by the Panel during the October 21, 2015 oral argument in this case and to respond to the Appellants' November 4, 2015 letter brief. Please circulate this letter to Justices Rodriguez, Garza, and Longoria.

**1. The scope of this Court's review of the venue evidence presented to the trial court.**

During argument, Justice Longoria asked whether the Court could consider the entire record before Judge Ramirez when he decided the venue issue. In context, the question stemmed from the fact that when the trial court's venue determination was made, it was made in relation to a much broader group of plaintiffs than were ultimately parties to the summary judgment ruling. In making the venue ruling, the trial court had before it a much larger group of plaintiffs and necessarily the evidence presented by those plaintiffs. Justice Longoria simply asked whether this Court could consider all of the evidence that was before the trial court when it decided the issue. The simple answer to this question is "yes."

This Court is *required* to consider the entire record. Section 15.064(b) of the Civil Practice and Remedies Code specifically provides that, in determining whether venue was proper, the appellate court must consider the entire record, including the trial on the merits. Thus, the applicable standard of review requires that the Court's review extend *beyond* the record before the trial court when it first decided the venue issue. *See Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993) ("if there is any probative evidence in the entire record, including trial on the merits, that venue was proper in the county where judgment was rendered, the appellate court must uphold the trial court's determination."). If review beyond the venue record is required, certainly review is expansive enough to allow the trial court to consider all of the evidence before the trial court at the venue hearing, even if the parties who reach final judgment are less than were included in the venue ruling. After all, the purpose of this Court's review is to let the trial court's venue ruling stand so long as there is *any* probative evidence *anywhere* in the record to support it.

The Appellants' discussion of "tag-along" venue and the requirement that "each plaintiff, independently of every other plaintiff, establish proper venue" is well-taken, but misplaced here. Appellees have never argued that each plaintiff was not required to independently establish proper venue. The undersigned's position at oral argument was simply that this Court could consider *all* of the evidence that was before the trial court when it decided the venue issue, including the evidence presented by other plaintiffs.

Certainly, if this Court can consider evidence presented at a trial on the merits (or, in this case, in the summary judgment context), this Court can consider evidence presented by other plaintiffs who were parties to the venue hearing, particularly when such evidence is relevant to the parties to this appeal. For example, in the context of this case, all of the Plaintiffs' claims stem from misrepresentations and failures to disclose made by the Appellants in the process of marketing the properties to residents of Hidalgo County. (Supp'l CR 90-94). These misrepresentations were based, at least in part if not in whole, on a marketing scheme which targeted Hidalgo County residents

and their friends and family. Even the Appellants admit to targeting Hidalgo County residents as part of their marketing, the only difference being that Appellants claimed that they did not target new property owners—only existing property owners for purposes of obtaining other Hidalgo County referrals. (3 CR 1654 at ¶¶3-4). To the extent other plaintiffs' venue proof contradicts this general claim, and provides probative evidence in support of the Appellees' position that Appellants' general marketing strategies in Hidalgo County extended beyond just existing customers, that evidence could be considered as to those Plaintiffs (Eugenio Corpus, Fe Huevos, Edith and Reynaldo Pepito, Simonette and Julito Pepito, Elezar Nuique, and Nelia Vincente) who were new buyers.[1]

Ultimately, as Appellees' made clear in their brief, each Plaintiff independently established proper venue. *See* Appellees' Brief at 25-34. Appellees did not address the other plaintiffs' venue proof because it was unnecessary and cumulative. Nevertheless, such evidence remains a part of the record before this Court and this Court is required to consider that evidence before making a venue determination contrary to that of the the trial court. Accordingly, this Court must consider all of the relevant evidence that was before the trial court when it ruled and, upon doing so, should affirm the trial court's finding that venue in Hidalgo County is proper.

## 2.    The pending Dallas County case.

Although the Panel's request for post-submission briefing did not expressly include this issue, the Panel asked questions at oral argument about any relationship between this Court's decision regarding summary judgment and the Dallas County case involving other Plaintiffs. Specifically, the Panel appeared concerned that a decision here might conflict with a decision in the Dallas case.

---

[1] Appellees Jeanette Alfonso and Cherry Somosot were existing property owners who were contacted directly in Hidalgo County and convinced to trade-up to another property. (2 CR 262-64, 629).

Currently, the ruling in the Dallas County trial court is consistent with the trial court's substantive ruling in this case. (7 CR 3840-42). The only real difference between the two judgments is that the one in Dallas County remains interlocutory and not appealable. However, the Dallas court has advised the parties that it intends to leave the ruling undisturbed pending the outcome of this appeal. By all appearances, the Dallas County court is awaiting this Court's decision on the substantive merits of the judgment in an effort to maintain consistency between the two cases.

Ruling on the substantive issues here makes logical sense. The parties have exhaustively briefed those issues, and the case is ripe for a decision. The underlying Hidalgo County case has been pending over four years now. The Dallas County case is also over four years old. All sides to both cases would benefit from a decision on the substantive merits so that the litigation can move forward to a conclusion.

Reaching the substantive issues is also legally correct. Venue was proper in Hidalgo County, and the trial court's venue ruling should be affirmed. Upon doing so, this Court can address the substantive issues, affirm the trial court's judgment in favor of Appellees, and allow the remainder of the actions, in both Hidalgo County and Dallas County trial courts, to go forward with the benefit of this Court's guidance.

Sincerely,

*/s/ Thad D. Spalding*

Thad D. Spalding

TDS/kl

cc:     Brandy Wingate Voss (brandy@appealsplus.com)
        John D. Sloan, Jr. (jsloan@sloantmatnety.com)
        Douglas Lukasik (dlukasik@sloanmatney.com)

Abigail Mathews (amathews@sloanmatney.com)
Chris Franz (ccf@peralezfranzlaw.com)
Gil Peralez (gpp@peralezfranzlaw.com)
Richard A. Sayles (dsayles@swtriallaw.com)
Shawn Long (slong@swtriallaw.com)
Darren Nicholson (dnicholson@swtriallaw.com)
Mike Mills (mkmills@atlashall.com)
Martin Rose (mrose@rosewalker.com)
Christopher M. McDowell (cmcdowell@rosewalker.com)
Barbara T. Hale (bhale@metrocrestlaw.com)
Lynda Lee Weaver (llw@llweaverlaw.com)
Preston Henrichson (preston@henrichsonlaw.com)